UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————————/

DIANE SULLIVAN
25 Lake Road
North Branford, Connecticut 06471

      Plaintiff,

                                          COMPLAINT

v.

METRO-NORTH RAILROAD COMPANY
50 Union Avenue
4th Floor West
New Haven, Connecticut 06519

      Defendant.

———————————————————————————/

      NOW COMES the Plaintiff, DIANE SULLIVAN, by and through her attorneys, THE KANTOR LAW FIRM, PLLC, for her Complaint against the Defendant, METRO-NORTH COMMUTER RAILROAD, herein alleges:

## **NATURE OF ACTION**

1.      The Plaintiff, DIANE SULLIVAN brings this action for negligence under the Federal Employers Liability Act (hereinafter FELA) 45 USC § 51 et seq. against the Defendant METRO-NORTH RAILROAD COMPANY (hereinafter, "METRO-NORTH") for injuries suffered by Plaintiff, DIANE SULLIVAN while in the employment of the Defendant, METRO-NORTH.

## **JURISDICTION**

2.      This Court has subject matter jurisdiction in this case pursuant to the FELA 45 USC §51 and 28 USC 1331.  Venue properly lies in this Court pursuant to 45 USC §56.

## PARTIES

3.    The Plaintiff, DIANE SULLIVAN, resides in North Branford, Connecticut.

4.    The Defendant, METRO-NORTH is a public benefit corporation duly established by law, and having a usual place of business in New Haven, Connecticut, and was and still is a common carrier in interstate transportation and commerce by railroad.

## AS AND FOR A FIRST CAUSE OF ACTION
## PLAINTIFF HEREIN ALLEGES:

5.    That this action is being brought against Defendant, METRO-NORTH pursuant to the provisions of the FELA, Title 45 USC § 51, et seq. and that the amount in controversy exclusive of interest, exceeds $75,000.

6.    That at all times hereinafter, the Plaintiff, DIANE SULLIVAN was and is a resident of the Town of North Branford, County of New Haven and State of Connecticut.

7.    That at all times hereinafter mentioned, the Defendant, METRO-NORTH was and still is a public benefit corporation duly organized, created and existing under the laws of the State of Connecticut, authorized to do business in the State of Connecticut, and a common carrier in interstate transportation and commerce by railroad.

8.    The Defendant, METRO-NORTH, has tracks, operates trains, and does business within the State of Connecticut and maintains a principle place of business within the State of Connecticut with offices located at 50 Union Avenue, 4th Floor West, New Haven, Connecticut 06519.

2

9.     That at all times hereinafter mentioned, the Plaintiff, DIANE SULLIVAN, herein is an employee of the Defendant, METRO-NORTH as that term is defined under the FELA Section 45 USC § 51, et seq. and as such, is a Conductor for the Defendant and is engaged by the Defendant to perform duties in the furtherance of its business interests and movement of freight in interstate and foreign commerce by Defendant, railroad METRO-NORTH.

10.     That on or about June 2, 2016, the Plaintiff, DIANE SULLIVAN was injured while working at the Devon Transfer Station which train had departed from New Haven when she sustained serious and permanent injuries as a result of Defendant, METRO-NORTH, its agents, servants and employee's negligence.

11.   Specifically, on or about June 2, 2016, the Plaintiff, DIANE SULLIVAN, was injured when suddenly and without warning to her she was injured while using a defective handbrake due to the negligence of the Defendant METRO-NORTH its agents, servants and employees, causing her serious and permanent injuries, including but not limited to injury to her flexor tendon, wrist and hand, as well as other damages.

12.     That as a result of the negligence of the Defendant, METRO-NORTH, its agents, servants, employees with respect to the negligence and careless operation of its business, with respect to the failure of the Defendant to properly provide Plaintiff, DIANE SULLIVAN with a safe place to work pursuant to the FELA, 45 USC §51, et seq. and the federal and state rules and regulations promulgated thereunder; including but not limited to 49 USC Section 20302, efficient hand brakes; the failure of Defendant to properly warn Plaintiff, DIANE SULLIVAN of the possible and potential hazards to her health; the failure of the

3

Defendant to properly train and supervise its employees; the failure of the Defendant to properly inspect and maintain and operate its equipment and property in a safe and proper manner; the failure to the Defendant to properly operate the job and in general reckless, careless and negligent manner in which the Defendant and its agents, servants and employees carried on its business. Plaintiff, DIANE SULLIVAN was caused to suffer serious and permanent injuries while employed by the Defendant, METRO-NORTH, on or about June 2, 2016.

13.    That as a result of the Defendant, METRO-NORTH's negligence, the Plaintiff was caused to suffer severe, permanent, personal and painful injuries, mental anguish, denial of social pleasure, enjoyment of life, change of lifestyle, as well other damages.

14.    That the Plaintiff, DIANE SULLIVAN demands a trial by jury of all issues.

**AS AND FOR A SECOND CAUSE OF ACTION THE PLAINTIFF ALLEGES AND AFFIRMS THE FOLLOWING**

15.    The Plaintiff, DIANE SULLIVAN, repeats and realleges allegations "1" through "14" as set forth herein.

16.    That during her years of service with the Defendant, METRO-NORTH RAILROAD, the Plaintiff, DIANE SULLIVAN was exposed on the job to excessive and harmful repetitive use of manual ticket punches.

17.    The Defendant, METRO-NORTH RAILROAD it's employees and agents had a duty to provide a reasonably safe place for the Plaintiff, DIANE SULLIVAN to work and to conduct reasonable inspections of the workplace.

18.    The Defendant, METRO-NORTH it's employees and agents had a duty to provide the Plaintiff, DIANE SULLIVAN with proper equipment and ergonomic

4

work procedures and equipment to to perform the task assigned, including but not limited to safe and efficient ergonomically designed equipment to perform the task assigned.

19.    The Defendant, METRO-NORTH RAILROAD, it's employees and agents had a duty to provide the Plaintiff, DIANE SULLIVAN with adequate training, instructions and/or methods for the safe use of its equipment.

20.    The Defendant, METRO-NORTH RAILROAD, it's employees and agents had a duty to warn the Plaintiff, DIANE SULLIVAN of unsafe working conditions, including the risk of permanent injury caused by exposure to repetitive and ergonomically inefficient and unsafe manual ticket punches.

21.    Notwithstanding said duties, the Defendant, METRO-NORTH RAILROAD, it's employees and agents carelessly and negligently failed to provide the Plaintiff, DIANE SULLIVAN a safe work place and to conduct reasonable inspections of the workplace, all in violation of 45 USC § 51.

22.    As a direct and proximate result of these acts and omissions of the Defendant, METRO-NORTH RAILROAD, it's employees and agents, the Plaintiff, DIANE SULLIVAN was caused to sustain permanent injuries to her wrist.

23.    By reason of the foregoing injury, the Plaintiff, DIANE SULLIVAN has been obliged to seek and continues to seek medical attention; has incurred and will continue to incur medical bills in the future in an effort to be treated for said permanent injuries; and has suffered and will continue to suffer past and future pain, suffering, discomfort, mental anguish, loss of enjoyment of life, lost wages and loss of earning capacity.

24.    The Plaintiff, DIANE SULLIVAN demands a trial by jury of all issues.

WHEREFORE, the Plaintiff, DIANE SULLIVAN, in her causes of action, demands a money judgment against the Defendant, METRO-NORTH COMMUTER RAILROAD for whatever amount said Plaintiff is found to be entitled to, together with the costs and disbursements of this action.

Dated:    May 26, 2017
          Williamsville, New York

Respectfully submitted,

STEVEN L. KANTOR, ESQ.
The Kantor Law Firm, PLLC
Attorneys for Plaintiff
5800 Main Street
Williamsville, New York 14221
(716) 626-0404
kantorlaw@roadrunner.com

Jeffrey Cooper, Esq. (Of Counsel)
Cooper Sevillano
1087 Broad Street
Bridgeport, CT 06604

6